**UNITED STATES of America,**
**Appellee,**

v.

**Elson WARREN, et al., Defendants,**

**Steven Scippio, also known as Officer Burns, Defendant–Appellant.**

No. 07–0480–cr.

United States Court of Appeals,
Second Circuit.

Jan. 15, 2009.

684

Bobbi C. Sternheim, New York, NY, for Appellant.

Benton J. Campbell, United States Attorney, for the Eastern District of New York, Jo Ann M. Navickas, Assistant United States Attorney, Michael L. Yaeger, Assistant United States Attorney, Brooklyn, NY, for Appellee.

Present: CHESTER J. STRAUB, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

### *AMENDED SUMMARY ORDER*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the district court judgment is AFFIRMED and the case is REMANDED for consideration of resentencing pursuant to *Regalado.*

Defendant–Appellant Steven Scippio appeals from the February 8, 2007, judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge* ) sentencing him to a prison term of 284 months for conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

█ Scippio contends that the district court should have granted his motion for a mistrial after the Government made mention of Scippio's prior arrest. We review the denial of a mistrial for abuse of discretion. *United States v. Smith,* 426 F.3d 567, 571 (2d Cir.2005). When, as here, the district court sustains defense counsel's objection to testimony and instructs the jury to disregard the testimony and any related questions and answers, we presume that the jury followed those instructions "unless there is an 'overwhelming probability' that the jury [was] unable to follow the court's instructions and a strong likelihood that the effect of the evidence

would be 'devastating' to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (citations omitted); *see United States v. Nixon*, 779 F.2d 126, 133 (2d Cir.1985)(court's instruction to disregard testimony concerning defendant's prior drug arrest sufficed in lieu of a mistrial). Here, there is no indication that the jury was incapable of obeying the district court's instructions to disregard testimony as to which an objection was sustained. In addition, the district court offered Scippio's counsel the opportunity to offer a more specific curative instruction, which was declined. Nor is there a strong likelihood that the mention of Scippio's prior arrest was so devastating as to overcome the presumption that the jury obeyed the court's instructions. *See United States v. Mussaleen*, 35 F.3d 692, 695 (2d Cir.1994). Even if we assume, however, that the jury considered this testimony in contravention of the court's instructions, we find such consideration harmless. In making this determination, we examine, among other factors, whether the government's case against the defendant was strong and whether the erroneously admitted evidence bears on an issue that was critical to the jury's decision. *See United States v. Jean–Baptiste*, 166 F.3d 102, 108 (2d Cir.1999). Here, the government's case against Scippio was strong. Testimony from multiple witnesses established that Scippio had delivered cocaine base to dealers and had collected money from those dealers on hundreds of occasions. The issue of prior arrests was not crucial to the jury's determination of whether or not Scippio had conspired to distribute cocaine base. The district court therefore did not abuse its discretion in denying the motion for mistrial.

■ Scippio argues that the prosecutor—who was a different Assistant United States Attorney from those representing the government on this appeal—improperly vouched for the credibility of the government's witnesses on summation. We will reverse in this circumstance only upon a showing that 1) the prosecutor's statements were improper, and 2) in the context of the entire trial, the remarks resulted in substantial prejudice. *United States v. Perez*, 144 F.3d 204, 210 (2d Cir.1998). It is improper for an attorney to vouch for a witness's credibility in a way that implies the existence of extraneous proof; it is permissible, however, for an attorney to submit that a witness is credible, and to support that statement by reference to evidence adduced at trial. *See id.* Here, a fair reading of the summation indicates that the prosecutor was doing no more than noting that it was the jury's obligation to determine the credibility of the witnesses, and submitting that the witnesses were credible in light of the consistency of their testimony. That did not constitute improper vouching.

■ Scippio further contends that the prosecutor committed misconduct by disparaging defense counsel in rebuttal summation. The prosecutor's portrayal of defense counsel's cross examination tactics as "tricks of the trade" was clearly inappropriate—"disparaging remarks about defense counsel ... have no place in any court." *United States v. Biasucci*, 786 F.2d 504, 514 (2d Cir.1986). Scippio's counsel did not object at trial, however, and the comments were not so egregious that they constituted plain error. *See United States v. Resto*, 824 F.2d 210, 212 (2d Cir.1987).

■ Scippio argues that remand is necessary so that the district court can conduct a hearing to decide whether the government complied with its obligations under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He complains that the government failed to produce tapes of a telephone conversation that one of Scippio's co-defendants

had with his parents while he was detained.

Scippio's counsel stated that she had become aware that the co-defendant planned to give false testimony and sought the tapes because she thought they might include a discussion of this intention. A *Brady* violation requires that 1) the evidence at issue is favorable to the accused, either because it is exculpatory or impeaching; 2) the evidence was suppressed by the government, whether willfully or inadvertently; and 3) prejudice ensued. *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Here, there is no indication that the taped conversations sought by Scippio could have been used either to exculpate him or to impeach a witness. That the co-defendant would have been discussing plans to give false testimony with his parents is pure speculation.

■ Scippio contends that the evidence against him was insufficient to support a conviction. We review a claim of insufficiency *de novo*. *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir.2004). A conviction will be affirmed if, viewing the totality of the evidence in the light most favorable to the government, a rational juror could have found the defendant guilty beyond a reasonable doubt. *United States v. LaSpina*, 299 F.3d 165, 180 (2d Cir.2002). In reviewing a challenge to the sufficiency of the evidence supporting a conspiracy conviction, deference to the jury's verdict is "especially important" because conspiracies are "secretive operation[s], and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Pitre*, 960 F.2d 1112, 1121 (2d Cir.1992) (citation and internal quotation marks omitted). Here, viewing the evidence in the light most favorable to the government, the evidence at trial was sufficient to prove Scippio's guilt beyond a reasonable doubt. Three witnesses testified to Scippio's involvement in the organization and all three testified that Scippio provided them with drugs to sell and received the proceeds of their drug sales. To the extent that Scippio's claim is based on the unreliability of these witnesses, we "must defer to the jury's resolution of any questions as to the credibility of witnesses." *United States v. Taylor*, 92 F.3d 1313, 1333 (2d Cir.1996).

■ As to sentencing, Scippio asserts that he was entitled to a reduction in his offense level based on his minor role in the offense. In order to be eligible for a minor role reduction, it is not enough that a defendant played a lesser role than his co-conspirators; his conduct must have been minor when compared to the "average participant in such a crime." *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir.1999). The evidence at trial established that Scippio delivered drugs to many different drug dealers and collected the proceeds of sales from those dealers. A cooperating witness referred to him as a "manager" in the organization. Those facts amply supported the district court's decision.

■ Scippio also argues that the district court failed to account for disparities between his sentence and those of his co-defendants. But the district court did consider his co-defendants' sentences. It noted that, unlike the co-defendants, Scippio had not accepted responsibility and had threatened cooperating witnesses.

■ Finally, remand pursuant to *United States v. Regalado*, 518 F.3d 143 (2d Cir.2008), is necessary because the record does not establish that the district court understood its ability to impose a non-Guidelines sentence based on the Guidelines disparity between sentencing for crack and powder cocaine offenses.

We have examined the other issues raised by the appellant, including those raised in his supplemental *pro se* brief, and find them to be without merit.

For the foregoing reasons, we AFFIRM Scippio's conviction and sentence to the extent noted, but REMAND for consideration of whether resentencing is appropriate pursuant to *Regalado*.